IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASPIAN HASTINGS,

Plaintiff,

v.                                                              CASE NO:

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW, Plaintiff CASPIAN HASTINGS, by and through her undersigned counsel, and sues the Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, and for her causes of action, states the following:

1. The Court has original jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-65, *et seq.* ("ADA"); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("RA"); and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Defendant, the FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), is the governing body of a public Florida university corporation established pursuant to the laws of Florida. Fla. Const. art. IX, § 7; Fla. Stat. § 1000.21(6)(i). The public body corporate is The Florida International University Board of Trustees and has the power to sue and be sued pursuant to Fla. Stat. § 1001.72(1).

3. At all times material herein, FIU operates as a place of education and is a degree-granting institution.

4.     FIU is a public entity pursuant to Title II of the ADA and receives federal financial assistance.  FIU must comply with Section 504 of the RA and the regulations promulgated by the United States Department of Education.  29 U.S.C. § 794(a).

5.     Plaintiff, CASPIAN HASTINGS ("HASTINGS"), is a resident and citizen of Miami-Dade County, Florida.

6.     Plaintiff HASTINGS is Deaf and communicates in American Sign Language ("ASL").  As such, she is a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12131(2) and Section 504 of the RA, U.S.C. § 794.

7.     HASTINGS has retained the services of Nova Southeastern University, Shepard Broad College of Law, Disability Inclusion and Advocacy Law ("DIAL") Clinic.

**FACTS AS TO FLORIDA INTERNATIONAL UNIVERSITY**

8.     FIU is a public university in the state of Florida, governed by The Board of Trustees.  The 13 members of the Board of Trustees are appointed by the Governor of the State of Florida and the Board of Governors of the State University System.

9.     FIU is accredited by the Commission on Colleges of the Southern Association of Colleges and Schools to award associate, baccalaureate, master's, and doctoral degrees.  FIU provides educational programs at the undergraduate and graduate levels in traditional and online delivery formats.

10.    FIU is a public entity and is required to comply with Title II of the ADA and regulations promulgated by the United States Department of Justice under the ADA.

11. FIU has signed and filed assurances of compliance with the Department of Education, conditioning the receipt of federal financial assistance on continued compliance with Section 504 of the RA.

12. FIU'S main campus is in Miami-Dade, and the university comprises 11 schools and colleges across Florida.

13. FIU has a student body of more than 56,000 and is among the top 10 largest universities in the nation, collectively graduating more than 275,000 students, 165,000 of whom live and work in South Florida.

14. For the fiscal year ending on June 30, 2022, FIU'S net position was over $805 million. FIU received over $104 million in federal grants and contracts.

15. The Office of Civil Rights Compliance and Accessibility ("CRCA") is the FIU department tasked with preventing and addressing harassment and discrimination across the FIU community. The CRCA's Senior Director is RYAN KELLEY.

16. The CRCA houses FIU'S ADA functions. It oversees the FIU'S compliance with the ADA and implementing regulations while overseeing university Regulations concerning Sexual Harassment (Title IX) and Sexual Misconduct; Nondiscrimination, Harassment, and Retaliation (Title VII); and the University policy on Reasonable Accommodations for Faculty, Staff, Employment Candidates, and Visitors.

17. FIU ensures equal access to educational opportunities for qualified individuals with disabilities in compliance with the Americans with Disabilities Act of 1990; the Americans with Disabilities Amendments Act of 2008; Section 504 of the Rehabilitation Act of 1973; and other applicable state and local laws and university policy.

18. FIU implemented Policy # 1705.022, "Reasonable Accommodations for Faculty, Staff, Employment Candidates, and Visitors," to ensure FIU provides equal access to its educational programs, employment opportunities, events, and activities. Policy # 1705.022 outlines how employees, employment candidates, and visitors can request reasonable accommodations.

19. FIU'S ADA and Accessibility Coordinator is NICOLE ATTONG ("ATTONG"). ATTONG is designated to oversee compliance with the ADA under FIU Policy # 1705.022.

20. When an individual requests an accommodation for an FIU event, program, or activity offered to the public, ATTONG reviews the file and meets with (at a minimum) the individual requesting the accommodation and the event or program coordinator to discuss the request, which starts the process of identifying reasonable accommodations that may be effective.

21. ATTONG determines what type of other documentation (if any) is necessary to verify the individual's disability. Once ATTONG determines the person is a qualified individual with a disability, FIU'S "interactive process" continues, in which ATTONG works with the individual to identify a reasonable, effective accommodation that is effective for the individual and activity.

22. ATTONG then considers the needs and requests for reasonable accommodations, including but not limited to the following:

   a. The nature of the individual's physical or mental condition and how it affects their ability to participate in the event;

   b. Whether the individual's physical or mental condition limits one or more major life activities;

  c. Whether the requested accommodation would enable the individual to fully participate in the event; and

  d. The impact that the requested accommodation or modification will have on the event, program, or activity.

23. To the extent more than one reasonable accommodation is effective, the preference of the qualified individual with a disability should be given primary consideration. However, FIU has the ultimate discretion to choose between effective accommodations, and it is not required to provide any accommodation that would constitute an undue hardship.

24. Finally, ATTONG is required to provide the individual seeking an accommodation with written notification of the FIU'S determination. If the individual seeking accommodations is a visitor (*i.e.*, an individual who does not hold an official role with FIU and who attends university events, programs, and activities), the manager of the event, program, or activity that the visitor is attending will be copied on the written notification.

25. ATTONG was fully aware of the rights of a person with a disability under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act and, as demonstrated hereunder, acted in reckless and deliberate disregard for those rights.

## **FACTS AS TO CASPIAN HASTINGS**

26. HASTINGS is an FIU alumnus. She is Deaf and communicates in ASL. Since graduating from FIU about six years ago, HASTINGS has attended several events hosted at FIU.

27. The most recent event HASTINGS attended was on March 31, 2023, at the Ocean Bank Convocation Center on FIU'S Modesto A. Maidique Campus. The event was a lecture and Q&A session with world-renowned conservationist Dr. Jane Goodall (hereinafter "EVENT").

28. HASTINGS lives and works in the greater Miami area and will continue attending events that FIU provides to its alums and the public.

29. On March 26, 2023, to ensure her access to the EVENT, HASTINGS contacted ATTONG informing the latter that she had purchased tickets to the EVENT and, because she is deaf, required an ASL interpreter.

30. HASTINGS also informed ATTONG that she had emailed MIREYA MAYOR ("MAYOR"), Director of Exploration and Science Communication and Faculty Administrator Office of the Dean, to request an interpreter. MAYOR replied to HASTINGS that an interpreter would be "on site" for the entire auditorium and shown via Picture-in-Picture ("PiP") because "that is how [FIU] graduation is done."

31. HASTINGS explained to MAYOR that she required direct visual access to the speaker and the interpreter to ensure full access to the EVENT.

32. MAYOR advised HASTINGS that if she wanted to see the interpreter directly, HASTINGS would have to buy a ticket in the interpreter's section, which cost $200.00 more than the one HASTINGS bought, and arrive early to find a seat close to the interpreter.

33. Because MAYOR advised HASTINGS to buy a more expensive ticket, HASTINGS contacted ATTONG, explaining, "As I'm sure you are aware, a surcharge for provision of equal services is per se unlawful under 28 CFR 35.130(f)."[1]

34. On March 27, 2023, ATTONG emailed HASTINGS confirming ASL services would be provided via monitors projecting the interpreter and arriving early was unnecessary.

35. HASTINGS replied to ATTONG, clarifying her request to see the human interpreter directly, not a monitor, "for better, more direct, access to communication as well as the ability to clarify unfamiliar signs."

36. On March 31, 2023, ATTONG emailed HASTINGS: "I understand that you are requesting to be moved up front to 'see' the ASL interpreters live.  While we are not able to move your seating, there will be two certified ASL interpreters at the event who will provide ASL services for the presentation as well as the Q and A portion."  Further, "there will be three videos shown, all of which have closed captions and the language used during the presentation by Jane will not be technical."

37. HASTINGS replied, notifying ATTONG that she had filed a formal complaint.

38. When ATTONG met HASTINGS and her two companions at the EVENT, ATTONG brought them to seats on the second floor, a location too far away for HASTINGS to see the interpreter.

---

[1] 28 C.F.R. § 35.130(f) ("A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.").

39. At that point, ATTONG began screaming at HASTINGS for allegedly arriving late to the EVENT; then, when HASTINGS explained she could not see the screen, ATTONG screamed, "WOULD YOU JUST CHILL OUT!?"

40. ATTONG then brought the HASTINGS party downstairs and told them they could stand in the VIP section.

41. When some audience members noticed HASTINGS communicating with her friends in sign language, they offered up their seats so HASTINGS could stand closer but still not in a position with clear visual access to the interpreter and Goodall. On the other hand, the ADA/504 Coordinator ATTONG was seated in the front row directly in front of the interpreter and with a direct line of sight to the speaker, Jane Goodall. FIU regularly hosts events for its alums and the public, and HASTINGS plans to attend events at FIU in the near future.

42. Due to the denial of effective communication and the treatment that she had undergone, HASTINGS suffered extreme emotional distress and mental anguish.

43. HASTINGS' hearing loss substantially limits major life events, including her ability to communicate effectively. Thus, HASTINGS is an individual with a disability under Title II of the ADA. HASTINGS meets the essential eligibility requirements for FIU'S services at all times material hereto. Therefore, HASTINGS is a qualified individual with a disability and is entitled to the protections provided by the ADA, 42 U.S.C. §§ 12131-65, *et seq*.

44. The acts and omissions of FIU were done with deliberate disregard of the protected rights of HASTINGS as an individual with a disability.

### COUNT ONE
### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT – INJUNCTIVE RELIEF

45. Plaintiff restates paragraphs 1 through 44 of the Complaint as if fully alleged herein.

46. Plaintiff sues FIU based on Title II of the ADA, 42 U.S.C. §§ 12131-34.

47. The ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

48. As a result of FIU'S acts and omissions, Defendant violated the following ADA regulations and provisions:

    a. Defendant failed to make a reasonable modification under circumstances where it is required. 28 C.F.R. § 35.130(b)(7), 34 C.F.R. § 104.34(a);

    b. Defendant failed to make its services, programs, and activities "readily accessible" to disabled individuals. 28 C.F.R. § 35.150, 34 C.F.R. § 104.34(a);

    c. Defendant administered a policy having the effect of subjecting qualified individuals with disabilities to discrimination based on disability and the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the public entity's program concerning individuals with disabilities. 28 C.F.R. § 35.130(b)(3); and

    d. Defendant failed to permit a public entity to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities. 28 C.F.R. § 35.130(d), 34 C.F.R. § 104.34(a).

49. Furthermore, the regulations implementing the ADA require that "a public entity shall administer services, programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

50. As a public entity and instrumentality of the state of Florida, Defendant is prohibited from providing "a qualified individual with a disability with an aide, benefit or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided others[.]" 28 C.F.R. 35.130(b)(1)(iii).

51. Defendant violated Title II by discriminating against HASTINGS based on her disability by failing to provide adequate auxiliary aids and services to provide effective communication at the EVENT.

52. Defendant discriminated against HASTINGS by denying her the opportunity to participate in or benefit from the benefit or services provided by FIU.

53. Defendant discriminated against HASTINGS by failing to allow HASTINGS to participate in or benefit from the aid, benefit, or service that is not equal to that afforded to others.

54. Defendant discriminated against HASTINGS by providing her with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to other individuals.

55. Defendant discriminated against HASTINGS by limiting her in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service from FIU.

**WHEREFORE**, Plaintiff HASTINGS requests the judgment of the Court against Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, as follows:

a. Find and hold Plaintiff HASTINGS was denied effective communications and was thereby subject to discrimination based on her disability in violation of Title II of the ADA;

b. Award Plaintiff actual damages;

c. Award Plaintiff attorney fees, including litigation expenses and the cost of this action; and

d. Grant such other and further relief this Court deems just and proper.

## COUNT TWO
## SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

56. Plaintiff restates paragraphs 1 through 44 of the Complaint as if fully alleged herein.

57. Plaintiff HASTINGS is Deaf, and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. Therefore, HASTINGS is an individual with a disability under Section 504 of the Rehabilitation Act, as amended. 29 U.S.C. § 705(20).

58. Defendant FIU accepts federal loans or subsidies and receives federal financial assistance directly or through another recipient, including any successor, assignee, or transferee of a recipient. FIU is subject to 29 U.S.C. § 794.

59. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, *et seq.*, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in, be denied the benefit of, or otherwise

discriminated against in the services, programs, or activities which receive federal financial assistance.

60. Defendant's policies, practices, and procedures, particularly the actions and omissions described above, violated Plaintiff's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of HASTINGS' disability.

61. Defendant denied Plaintiff programs and services made available to non-disabled individuals.

62. Defendant violated Plaintiff's rights through its repeated refusal to reasonably accommodate Plaintiff with appropriate auxiliary aids and services or to modify the policies and procedures to prevent discrimination.

63. Defendant violated Plaintiff's rights by failing to provide HASTINGS with benefits or services that are not as effective as those provided to others.

64. Defendant violated Section 504 of the Rehabilitation Act by subjecting HASTINGS to discrimination by denying auxiliary services during the EVENT.

65. Defendant violated Section 504 of the Rehabilitation Act by denying HASTINGS access to the EVENT when she had requested reasonable accommodations.

66. Defendant had actual knowledge of its obligation to provide auxiliary aids and services for HASTINGS through its repeated assurances to the Department of Education that it complied with Section 504 of the Rehabilitation Act.

67. Defendant repeatedly delayed actions and accommodations relating to HASTINGS because of her disability and need for effective accommodations.

68. Defendant's actions denying auxiliary aids and services to HASTINGS, in violation of the Rehabilitation Act, were either intentional or with deliberate indifference to her rights as a person with a disability.

69. HASTINGS has suffered severe emotional distress, humiliation, actual damages, and non-economic damages, in the past, at the EVENT, and continues to suffer the same based on Defendant's violations of Section 504 of the Rehabilitation Act.

**WHEREFORE,** Plaintiff HASTINGS requests this Court grant the following relief against Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that FIU'S practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, permanently enjoining FIU from any practice, policy, or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services or which deny Plaintiff effective communication with Defendant. The requested relief includes entering a permanent injunction ordering Defendant:

  a. To cease discriminating against Plaintiff and other deaf or hard of hearing individuals;

  b. To promulgate, train and comply with policies and procedures ensuring Defendant, and its employees or agents, do not discriminate against individuals with disabilities;

  c. To provide auxiliary aids and services ensuring Plaintiff has full and equal access to future events hosted by FIU;

  d. Award Plaintiff actual damages;

  e. Award Plaintiff compensatory damages by finding FIU acted with discriminatory intent and deliberate indifference when violating HASTINGS' statutory rights;

  f. Award reasonable costs and attorneys' fees; and

  g. Award any and all relief this Court considers proper.

Respectfully submitted this 29th day of November 2023.

                By:    /s/ Leigh Markowitz, Esq.
                      Leigh Markowitz, Esq.
                      Florida Bar No.: 1017900
                      Nova Southeastern University
                      Shepard Broad College of Law
                      Disability Inclusion and Advocacy Law Clinic
                      3305 College Avenue, Room 145
                      Fort Lauderdale, Florida 33314-7796
                      Tel: (954) 262-6492
                      Fax: (954) 262-3832
                      Email: lmarkowi@nova.edu